IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUWAN J. SHIELDS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1900-N |
| | § | |
| WELLS FARGO BANK NA, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the Special Order No. 3-251, this case has been referred for pretrial management. Before the Court for recommendation is Plaintiffs' *Request to Alter, Amend or Appeal*, filed April 9, 2013 (doc. 27). Based on the relevant filings and applicable law, the motion should be **DENIED.**

### I. BACKGROUND

On May 1, 2012, Quwan J. and Melody J. Shields (Plaintiffs) initiated this *pro se* suit against Wells Fargo Bank, N.A. (Defendant) in the 44th Judicial District Court of Dallas County, Texas, based on Defendant's foreclosure of their home. (doc. 1-5.) In their second amended complaint, they asserted state law claims against Defendant for suit to quiet title, trespass to try title, wrongful foreclosure, and breach of contract, as well as claims under various federal statutes. (doc. 7 at 1–3.)

On March 11, 2013, the Court dismissed with prejudice all of Plaintiffs' claims against Defendant for failure to state a claim upon which relief can be granted. *See Shields v. Wells Fargo Bank NA*, No. 3:12-CV-1900-N, 2013 WL 874712, at *1 (N.D. Tex. Mar. 11, 2013) (accepting Findings, Conclusions, and Recommendation (FCR) of United States Magistrate Judge and granting Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6)). Plaintiffs filed their motion to alter

1

or amend the judgment pursuant to Fed. R. Civ. P. 59(e) on April 9, 2013. (doc. 27.) With a timely filed response (doc. 31), the motion is now ripe for recommendation.

## II. ANALYSIS

Rule 59(e) provides that a party may move to amend or alter a judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *King v. Life Sch.*, No. 3:10-CV-0042-BH, 2012 WL 1853472, at *2 (N.D. Tex. May 21, 2012) (citing *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they grant the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Plaintiffs do not seek to amend or alter the judgment based on an intervening change in controlling law or the availability of new evidence not previously available. They appear to allege a manifest error of law or fact by their claim that dismissal was improper because they requested "relief" in the form of money damages, legal title to the Property, pre- and post-judgment interest, exemplary damages, cost of suit, mediation, and "[a]ny other relief . . . to which [they] [were] entitled." (*Id.* at 1–2; *see also* doc. 7 at 3–4.) Plaintiffs apparently construe the basis for

2

dismissal of their second amended complaint "for failure to state a claim upon which relief can be granted", i.e., the grounds for dismissal under Rule 12(b)(6), as a failure to request specific remedies in the complaint. (*See* doc. 27 at 1.)

Pursuant to Rule 8(a)(2), a complaint "must contain a short and plain statement of the claim[1] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In turn, Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion accepts the facts alleged in the complaint as true but "challenges [the] plaintiff's *right* to relief based upon those facts." *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (citation omitted) (emphasis added). The Supreme Court has held that to survive such a motion, the complaint must "state a claim to relief that is plausible on its face" by pleading enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Notably, "it need not appear that the plaintiff can obtain the *specific* relief demanded" against the defendant, "as long as the court can ascertain from the face of the complaint that *some* relief can be granted." *Doe v. United States Dept. of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (emphasis in original). A plaintiff's ability to state a plausible claim for relief is independent of the specific remedies that she requests or ultimately obtains. *See Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 927–28 (C.D. Cal. 1996) (explaining that a Rule 12(b)(6) motion "will not be granted merely because [the] plaintiff requests a remedy to which he or she is not entitled"); *Doss v. South Central Bell Telephone Co.*, 834 F.2d 421, 425 (5th Cir. 1987) (per curiam) (denying the defendant's Rule 12(b)(6) motion where the plaintiff's complaint "demanded a legal remedy [that] was

---

[1] A "claim" is a "cause of action." Black's Law Dictionary 247 (9th ed. 2009). To assert a claim is to "demand one's own or as one's right." *Id.*

3

improper" but nevertheless "state[d] a claim sufficient to withstand [the] motion").

As discussed in the findings, conclusions and recommendation, Plaintiffs failed to state a plausible claim for relief against Defendant after twice amending their complaint. *Shields v. Wells Fargo Bank NA*, No. 3:12-CV-1900-N, 2013 WL 874722, at *10 (N.D. Tex. Feb. 5, 2013), *rec. adopted*, 2013 WL 874712 (N.D. Tex. Mar. 11, 2013). Most if not all of Plaintiffs' claims were based on a legally invalid theory, and their allegations were otherwise "too vague and conclusory to state [] claim[s] for relief that [were] plausible on [their] face." *Id.* at *5–10. Plaintiffs' arguments regarding the impropriety of dismissal based on their request for specific remedies in the complaint are misplaced and are insufficient to obtain the extraordinary remedy available under Rule 59(e). Accordingly, their motion to alter or amend the judgment should be denied.

### III.  RECOMMENDATION

Plaintiffs' motion to alter or amend the judgment under Rule 59(e) should be **DENIED.**

**SO RECOMMENDED** on this 28th day of October, 2013.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                              */s/ Irma Carrillo Ramirez*
                                                              IRMA CARRILLO RAMIREZ
                                                              UNITED STATES MAGISTRATE JUDGE